# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CRAIG GINN and BECKY GINN,
his wife

        **Plaintiffs,**

vs.                                                                                                  No. CIV 98-0119 BB

**COMPONENT BUILDING SYSTEMS, INC.,**
a Texas Corporation, **BARRY K. SKREPNEK,** and
**DOUGLAS S. SKREPNEK,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motions to Dismiss pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure (Docket Nos. 18, 3, 13, and 22 respectively), filed May 19 and August 6, 1998. The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, finds that the motions are not well taken and should be DENIED.

## FACTS

Craig and Becky Ginn ("Ginn"), the Plaintiffs, residents of New Mexico, entered into an agreement with Les Templeton, a building contractor, to supply materials and build two structures for them in Taos County, New Mexico. In May 1996, Templeton subcontracted with Component Building Systems, Inc. ("CBS"), Texas construction company, to build and ship foam-core panels necessary to construct the houses, at a price of $67,412. The Templeton/CBS contract contemplated the manufacture of the foam-core panels in Texas with delivery to the Ginn job-site in New Mexico. Ginn tendered $35,000 to Templeton, who forwarded $29,000 to CBS as down payment on the

foam-core panels. Ginn claims that additional payments were to be made until fulfillment of the agreement.

Ginn declared a breach of contract with Templeton on or about June 26, 1996. Intent on completing the construction of their two structures, Ginn contacted an alleged representative of CBS, Douglas Skrepnek ("Douglas"), in July 1996. These two parties allegedly agreed that Ginn would continue to send CBS payments on the foam-core panels and Ginn would take delivery when payment in full occurred. Over the next several months, Ginn sent payments directly to CBS. CBS accepted the money and continued to bill Ginn for the outstanding balance due on the foam-core panels order. However, CBS now denies any contract existed between Ginn and itself.

In April 1997, CBS asserts it terminated the contract between CBS and Templeton. That same month, Barry Skrepnek ("Barry"), allegedly a CBS co-owner, notified Ginn that as a result of the CBS termination of the Templeton contract, the original $29,000 paid by Ginn through Templeton to CBS was thereby forfeited. In addition, CBS declared the foam-core panels at issue abandoned and the property of CBS. In addition, CBS offered to sell the abandoned property to Ginn if Ginn would remit the previous balance due of $4,706, plus $29,000. Ginn refused to send any more money to CBS, Douglas, or Barry, and brought the current action.

## **Motion to Dismiss for Lack of Subject Matter Jurisdiction, Rule 12(b)1**

Defendants' motion to dismiss for lack of subject matter jurisdiction is based on Defendants' assertion that Plaintiff has not met the minimum jurisdictional amount providing this Court jurisdiction in diversity cases. Therefore, the motion rests on the likelihood that Plaintiffs may not recover damages exceeding $75,000. Mere allegations in a complaint are insufficient to establish subject matter jurisdiction. *Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375, 1382 (10th Cir. 1978),

2

*cert. den.,* 99 S. Ct. 2182, *citing,* Wright & Miller, Federal Practice and Procedure § 1350 (West 1990). However, if facts are pleaded from which jurisdiction may be inferred, a motion to dismiss must be denied. *Id.*

A motion testing the sufficiency of the appropriate jurisdictional amount can succeed only when it is legally certain that Plaintiff could not recover a judgement exceeding $75,000. In analyzing this question, a court must determine whether there are factors limiting or supporting a recovery of the proper jurisdictional amount to a "legal certainty." *Kennebrew* at 752, citing to *Sharp Electronics Corp. v. Copy Plus, Inc.*, 939 F.2d 513, 515 (7th Cir. 1991). Under the "legal certainty" test, it must appear that the claim could never achieve the jurisdictional amount in order to justify dismissal. *Ferme Rimouski, Inc. v. Limousin West, Inc.*, 620 F. Supp. 552, 554 (D.C. Colo. 1985). Thus, under the "legal certainty" test it is difficult to obtain dismissal. However, there are three instances where the legal certainty standard is met: when contract terms limit Plaintiff's recovery; when statute or other law limits recovery; or when independent facts show that a jurisdictional amount was pled in order to avoid or to come within federal jurisdiction. *Leslie v. BancTec Service Corp.*, 928 F. Supp. 341, 348 (S.D.N.Y. 1996). Therefore, where the amount of recovery depends upon statute, and that statute supports the possibility of an award for the jurisdictional amount, then the "legal certainty" test is satisfied for the purposes of denying motions to dismiss. *Heavner v. State Auto Ins. Co. of Columbus, Ohio*, 340 F. Supp. 391, 393 (D.C.Va. 1972).

One of the claims Plaintiffs assert is pursuant to the New Mexico Unfair Trade Practices Act, NMSA 1978 § 57-12-1 *et seq.* This law declares unlawful certain alleged acts attributable to Defendant which occurred during transactions between the parties from July 1996 to May 1997. In pertinent part, the statute provides that:

> Any person who suffers any loss of money or property, real or personal, as a result of any employment by another person of a method, act or practice declared unlawful by the Unfair Practices Act may bring an action to recover actual damages or the sum of one hundred dollars ($100), whichever is greater. NMSA 1978 § 57-12-10(B).
>
> Any false or misleading oral or written statement . . . knowingly made in connection with the sale . . . or in the extension of credit by any person in the regular course of his trade or commerce, which may, tends to, or does deceive or mislead any person and includes but is not limited to:
> (10) offering goods . . . with intent not to supply them in the quantity requested by the prospective buyer to the extent of the stock available;
> (17) failing to deliver the quality or quantity of goods or services contracted for is declared unlawful.

NMSA 1978 § 57-12-2(D). Plaintiffs' complaint alleges that Defendants misled it through oral and written statements in connection with the sale of foam-core panels. Plaintiffs further allege that Defendants offered goods with the intent not to supply them and failed to deliver the goods contracted for. These alleged actions by Defendants state a claim under the Unfair Trade Practices Act.

The actual damages alleged by Plaintiffs in their complaint are for a maximum of $62,000, the amount of money allegedly wrongfully obtained and withheld by Defendants. However, the Unfair Trade Practices Act includes a provision allowing recovery of treble damages if the violation of the Act was willful. NMSA 1978 § 57-12-10(B). Plaintiffs allege Defendants intentionally misled them into believing that the foam-core panels would be delivered for the negotiated sum of money, as long as Plaintiffs followed through with the alleged agreement and paid for the foam-core panels. A jury could therefore find Defendants engaged in willful unfair trade practices, and award Plaintiff three

4

times the actual damages to deter future egregious behavior. Since the actual damages alleged by Plaintiffs equal $62,000, they could conceivably obtain a total award of $186,000 if this case goes to trial. Thus, the jurisdictional minimum of $75,000 is clearly met.[1] *See Ferme Rimouski*, 620 F. Supp. at 554 (where the assertion of facts and law support the possibility of recovering damages in excess of the jurisdictional minimum, then the "legal certainty" test is satisfied). Therefore, the motion to dismiss for lack of subject matter jurisdiction will be denied.

**Motion to Dismiss for Lack of Personal Jurisdiction, Rule 12(b)(2)**

Defendants maintain they do not have sufficient minimum contacts with New Mexico to make them constitutionally amenable to suit in this District. The plaintiff suing in diversity bears the burden of asserting and proving personal jurisdiction. *Pelton v. Methodist Hospital,* 989 F. Supp. 1392 (D.N.M. 1997). In addressing the issue, the Court may consider matters outside the pleadings, and accepts the allegations in the complaint as true if Defendants do not contest them with affidavits or other materials. *Jemez Agency, Inc. v. CIGNA Corp.,* 866 F. Supp. 1340, 1342 (D.N.M. 1994). In addition, the Court will resolve all factual disputes raised by conflicting affidavits in favor of Plaintiffs. *See id.* Finally, the existence of *in personam* jurisdiction under the forum state's long-arm statute is evaluated by reference to the law of the forum state. *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir. 1990).

The pertinent portion of New Mexico's long-arm statute subjects an out-of-state defendant to the jurisdiction of New Mexico courts if the defendant transacts business within New Mexico, and

---

[1] The Court also notes that Plaintiffs have stated a claim for fraud and requested punitive damages. Should Plaintiffs prevail on this claim and be awarded such damages, it is conceivable the total award would be greater than $75,000. On this basis, also, the Court holds the jurisdictional amount has been satisfied.

5

the cause of action arises out of that transaction of business. NMSA 1978 § 38-1-16(A), (C) (1987). The task for this Court, therefore, is to determine whether Plaintiffs' causes of action arise from Defendants' acts that allegedly confer jurisdiction, and whether these acts establish sufficient minimum contacts with New Mexico to satisfy due process. *See Rogers v. 5-Star Management, Inc.*, 946 F. Supp. 907, 911 (D.N.M. 1996).

The acts allegedly conferring jurisdiction in this case consist of Defendants' negotiation of contracts, first with Templeton and then with Plaintiffs. These contracts involved the delivery of products into New Mexico in exchange for payment. The negotiations were apparently carried on over the telephone and in writing, and culminated in the payment of a substantial amount of money to Defendants, first by Templeton and then by Plaintiffs. These are the same acts that give rise to Plaintiffs' causes of action, satisfying the first requirement discussed in Rogers. The only remaining issue, therefore, is whether these acts are sufficient to establish the requisite minimum contacts with New Mexico.

The two principal inquiries with respect to the minimum-contacts issue are whether the defendant has purposefully availed itself of the privilege of conducting activities within the forum state, and whether the assertion of jurisdiction would comport with fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). The Court must decide whether Defendants' contacts with New Mexico were such that they should reasonably have anticipated being haled into court here. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1979). In this case, it is important to point out that Defendants' business dealings with Templeton and then Plaintiffs were not an isolated occurrence. *See Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1534 (10th Cir. 1996) (in the context of interstate contracts, parties who reach out

6

beyond one state and create continuing relationships and obligations with citizens of another state are subject to jurisdiction in the other state). Plaintiffs presented evidence, through Templeton's affidavit, that he had engaged in similar transactions with Defendants four times, all for houses to be built in New Mexico. Even more significantly, Defendants had sent an employee to New Mexico to train Templeton in the use of their product the first time he used it. Finally, Templeton had many conversations with Barry and Douglas while he was engaged in these projects and a portion of most of the conversations concerned their inquiries as to possible future business for their company in New Mexico.

As to Plaintiffs' particular project, Defendants did not simply refuse to deal with Plaintiffs once Templeton was out of the picture. Instead, they accepted a number of payments from Plaintiffs after allegedly negotiating a new agreement with them, in which Plaintiffs would take over the payments that had been Templeton's obligation. It is clear that Defendants did not simply passively accept a single order for goods from a New Mexico resident and then ship off that order. Instead, they entered into a relationship with Plaintiffs that was part of a continuing pattern of doing business with New Mexico citizens and encouraging such business by training Templeton in New Mexico and then soliciting business from him. Under these facts, the Court has no trouble holding that Defendants purposefully availed themselves of the opportunity of doing business in New Mexico, and should reasonably have expected to be haled into court here should something go wrong during the course of that business. Accordingly, Defendants' motion to dismiss for lack of personal jurisdiction will be denied.

**Motion to Dismiss for Failing to Join a Party, Rule 12(b)7**

Defendants move to dismiss on the grounds that Plaintiffs failed to join Templeton as a defendant. Defendants contend that Templeton's ability to protect his interests will be impaired if this litigation proceeds without him. Defendants also contend they will face a risk of multiple inconsistent obligations if Templeton is not joined as a party. Based on the current state of the pleadings, the Court finds absolutely no basis for either argument and Defendants are cautioned to consider Federal Rule of Civil Procedure 11 before filing similar arguments in the future.

Plaintiffs have filed suit against Defendants on the grounds that Defendants agreed to enter into a contract with them that superseded Defendants' contract with Templeton. Plaintiffs' allegations against Defendants are clearly separate from any claim they may have against Templeton. There is no dispute that Templeton passed on to Defendants $29,000 that Plaintiffs had paid him, and that is the money (at least a portion of it) they seek to recover from Defendants. Any possible claims Plaintiffs might have against Templeton are simply not part of this lawsuit, and Defendants have not explained how Templeton might be harmed if they are held liable to Plaintiffs for the money that Plaintiffs allegedly paid to them. Similarly, as far as Defendants are concerned Templeton was a mere conduit for the payments from Plaintiffs. Defendants have not, for example, maintained that Templeton did not in fact pass on to them the $29,000 payment Plaintiffs claim to have made through Templeton. To the extent Defendants may have an independent claim against Templeton, or maintain he is responsible for indemnifying them, they are free to attempt to implead him as a third-party defendant. In short, Plaintiffs are suing Defendants on the basis of their alleged separate, independent contract and dealings with Defendants. As far as this lawsuit is concerned, Templeton was no more than an agent and his conduct, other than passing on Plaintiffs' payment to Defendants, is irrelevant

8

to the proceedings. Accordingly, he is not an indispensable party without whom the action should not proceed. *See Milligan v. Anderson*, 522 F.2d 1202, 1205 (10th Cir. 1975) (agent was not indispensable party in lawsuit between plaintiff and agent's principal, where agent passed on payments from plaintiff to principal; complete relief could be afforded as between plaintiff and principal); *see also Thunder Basin Coal Co. v. Southwestern Public Service Co.*, 104 F.3d 1205, 1211 (10th Cir. 1997) (where defendant was free to implead third party, that party was not indispensable). This motion will be denied.

**Motion to Dismiss for Failure to State a Claim, Rule 12(b)6**

Defendants seek dismissal of this complaint because it assertedly fails to state a claim for which relief can be granted pursuant to Federal Rules of Civil Procedure, Rule 12(b)6. Defendants assert five grounds for dismissal, either in whole or in part, regarding either the parties or the complaint. First and paramount, Defendants contend that since the alleged contract between the parties exceeded five hundred dollars ($500) it must be reduced to writing in order to be enforceable pursuant to the Statute of Frauds, NMSA 1978 § 55-2-201 (1993). In the alternative, Defendants maintain that Barry and Douglas, as individuals, may not be held personally liable on a contract between Plaintiffs and CBS, a corporation. Defendants' third and fourth alternative arguments seek dismissal of the breach of contract, fraud, and unfair trade practices claims as to Barry because he did not enter into an oral contract nor misrepresent any conditions of the transaction. Defendants' fifth argument asserts that the complaint fails to allege facts sufficient to establish a conspiracy between Douglas and Barry to commit a prima facie tort against Plaintiff.

Motions to dismiss under Rule 12(b)6 "test the formal sufficiency of the claim for relief." Wright & Miller § 1356 at 294. *See Bangerter v. Orem City Corp.,* 46 F.3d 1491, 1502 (10th Cir.

9

1995). Since the procedure does not resolve a contest of the facts or the merits of the case, its provisions should be read in conjunction with Rule 8(a) calling for "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* § 1356 at 296; *quoting* Fed. R. Civ. P., Rule 8(a)(2). A pleading must fail this liberal standard in order to be subject to dismissal under Rule 12(b)6. Wright Miller § 1356. Thus, a motion to dismiss pursuant to Rule 12(b)6 must be denied "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); *see also, Bauchman for Bauchman v. West High School*, 132 F.3d 542, 550 (10th Cir. 1997); *accord, Bangerter v. Orem City Corp.* at 1502; *quoting, Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1148 (10th Cir. 1989). When faced with a Rule 12(b)6 motion, a court must "accept all the well-pleaded allegations of a complaint as true and must construe them in the light most favorable to the plaintiff." *Bangerter v. Orem City Corp.* at 1502; *quoting, Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991).

    Defendants' statute-of-frauds argument is completely without merit. It is beyond dispute that partial performance removes a case from the ambit of the statute of frauds, and New Mexico's statute specifically so provides with respect to a contract to sell goods. NMSA 1978 § 55-2-201(3)(c). Plaintiffs allege they sent several payments totaling thousands of dollars to Defendants, and that Defendants acknowledged receipt of those payments against a decreasing balance still due on a "contract price." Thus, they have satisfactorily alleged partial payment, and acceptance of such payment, for the goods in question. Defendants' only response to this argument is to point out that only part of the purchase price was paid, not the entire amount. Defendants cited no authority for the proposition that full payment is necessary to remove a case from the statute of frauds. This is

undoubtedly because there is no such authority. *See, e.g., Provencio v. Price*, 57 N.M. 40, 45, 253 P.2d 582, 585 (1953) (payment of initial installment was sufficient performance to render statute of frauds inapplicable).

Defendants' requests that this court dismiss Barry, or both Barry and Douglas, because of their respective corporate officer status, are premature. As Plaintiffs point out, Defendants have not filed an answer alleging CBS's corporate status, and no discovery has been done on that point. In addition, New Mexico case law indicates that corporate officers may be held personally liable for their tortious acts when they direct, control, approve, or ratify the activity that leads to injury. *Taylor v. Allison*, 79 N.M. 643, 644, 447 P.2d 523, 524 (1968). In this case, Plaintiffs assert they have dealt with all the Defendants in attempting to procure foam-core panels. Plaintiffs made arrangements early on with Douglas to continue the Templeton contract. Plaintiffs then sent money to CBS, Inc., to purchase foam-core panels. Later, Plaintiffs communicated with Barry when disputes arose over contractual stipulations. Plaintiffs allege that any or all of the aforementioned persons may be liable for certain conduct including breach of contract, fraud, unfair trade practices, prima facie tort, and conversion. In addition, Plaintiffs assert that all of the aforementioned persons may have committed conspiracy to illicitly keep $62,000 of Plaintiffs' money while failing to deliver any goods.

It is true that it is not clear at this point in the proceedings what role Barry or Douglas played in the dispute, including the formation of the alleged contract, its breach, and the alleged misrepresentations to Plaintiffs. Also, Plaintiffs admit the prima-facie-tort theory would not be viable if their other claims are more appropriate, and the Court agrees this ultimately may prove to be a case unsuitable for that theory. However, the Court cannot say with certainty that Plaintiffs will not be able to adduce facts supporting each of their claims against Barry, Douglas, or CBS. Therefore, the

motions to dismiss for failure to state a claim will be denied at this time. Following Defendants' answer to the complaint and some discovery, renewal of some of the motions may be appropriate.

### **CONCLUSION**

Based on the foregoing, all of Defendants' motions to dismiss will be denied.

### **ORDER**

IT IS HEREBY ORDERED that Defendants' motions to dismiss, filed May 19 and August 6, 1998 (Docs. 3, 13, 18, and 22) be, and hereby are, DENIED.

Dated this 22nd day of December, 1998.

BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE


Counsel for Plaintiff
Howard L. Anderson
420 Central Ave. S.W., Suite 250
Albuquerque, New Mexico 87102

Counsel for Defendant
Clayton E. Crowley
Lamb, Metzgar, Lines, and Dahl, P.C.
P.O. Box 987
Albuquerque, New Mexico 87103