# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CRAIG GINN and BECKY GINN,
his wife,

        Plaintiffs,

v.                                          No. CIV 98-119 BB/LCS

COMPONENT BUILDING
SYSTEMS, INC., a Texas
corporation, BARRY K.
SKREPNEK, and DOUGLAS S.
SKREPNEK,

        Defendants.

## MEMORANDUM OPINION
## AND
## ORDER OF TRANSFER

**THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment to Dismiss Action Pursuant to Forum Selection Clause or in the Alternative to Transfer Pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1404 and 1406(a) or, in the Alternative, to Stay Proceedings Pending Refiling in Tarrant County, Texas [doc #30]. The Court having considered the briefs of counsel and being otherwise duly advised, FINDS the motion is well taken and the case will be transferred.

## Discussion

### I. Legal Standard

This motion was brought as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). When considering a motion to dismiss, the Court must accept all well-pled, factual allegations in the light most favorable to Plaintiffs. *See Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995). "Dismissal is appropriate only if the plaintiff can prove no set of facts in support of the claim entitling her to relief." *Bauchman v. West High Sch.*, 132 F.3d 542, 550 (10th Cir. 1997) (citing *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 586 (10th Cir. 1994).

Rule 12 motions, however, must be decided within the four corners of Plaintiffs' complaint. *Bharucha v. Reuters Holdings PLC*, 810 F. Supp. 37 (E.D.N.Y. 1993). In the present case, however, Defendants attached several exhibits, including the critical contract, to their motion. When a court refers to matters outside the complaint, the motion is converted to one under Federal Rule of Civil Procedure 56. Rule 12(b)(6); *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639 (2d Cir. 1988).

"Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). Since this Court is only granting a transfer based on a contract, the terms of which are not in dispute, summary judgment appears appropriate.

## II. Facts

On May 22, 1996, Defendant Component Building Systems ("CBS") and Les Templeton d/b/a Templeton Design ("Templeton") entered into a contract for the provision of component parts of a home being built by Plaintiffs Ginn. The contract price was $67,412. The contract required CBS to manufacture wall panels in its Arlington, Texas, plant for delivery in New Mexico. However, nothing was to be delivered until CBS had been paid in full.

Plaintiffs paid Templeton $35,000 on May 14. Templeton remitted only $29,000 to CBS, but Plaintiffs did not learn this until June 26. Paragraph 14 of Plaintiffs' complaint alleges:

> 14. On or about June 26, 1996, Plaintiffs contacted a representative of Defendant CBS by telephone and learned for the

3

**first time that only $29,000 had been forwarded to CBS. Plaintiffs explained the termination of their contractual arrangement with Templeton to the CBS representative, Defendant D. Skrepnek, and was asked if he wanted to continue to go forward with the purchase of the panels. Plaintiffs replied in the affirmative and D. Skrepnek agreed to provide the panels directly to Plaintiffs <u>in accordance with the original contractual arrangement between Templeton, Plaintiffs, and CBS</u>, the only difference being that Defendant Templeton was then out of the picture as a middleman. (Emphasis added).**

**In their motion to dismiss or transfer, Defendants point out the contract between Templeton and Defendants contained a forum selection clause which reads:**

> **This Contract shall be governed by the laws of the State of Texas and that any litigation, lawsuit or court action of any character arising from this Contract shall be filed in Tarrant County, Texas, for trial in that county.**

**In response, Plaintiffs would now take the position that "neither of them had seen the contract or ever knew of the existence of any 'forum selection clause' agreement."**

**On a motion under Rule 12, the factual allegations of the complaint must be accepted as true. *Miller v. Glanz*, 948 F.2d 1562 (10th Cir. 1991). This rule also requires the Court not ignore factual allegations harmful to the Plaintiffs. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992), *cert. denied*, 508 U.S. 942 (1993); *Oceanic Cal., Inc. v. City of San Jose*, 497 F. Supp. 962 (N.D. Cal. 1980).**

**Plaintiffs, then, cannot have it both ways.[1]  In their complaint they allege their right to obtain the panels at issue derives from the Templeton contract.  The Templeton contract contains a forum selection clause.  Thus, Plaintiffs are subject to all the terms of the contract from which they allege their rights derive.  *Farrell Lines, Inc. v. Columbus Cello-Poly Corp.*, 32 F. Supp. 2d 118 (S.D.N.Y. 1997) (subrogees bound by forum selection clause); *Santamauro v. Taito do Brazil Industria e Comercia, Ltda.*, 587 F. Supp. 1312 (E.D. La. 1984) (forum selection binding on assignee); *Industrial Leasing Corp. v. Miami Ice Mach. Co.*, 867 P.2d 548 (Or. App. 1994) (same).  Nor are Plaintiffs' allegations that they lacked knowledge of the forum selection clause at the time they asserted their claim under the contract persuasive.  *See Orix Credit Alliance, Inc. v. Brown*, 1994 WL 392240 (S.D.N.Y. 1994).**

**While a forum selection clause is not dispositive,[2] the party opposing its enforcement must provide strong reasons why the provision should not be**

---

[1] The Court must also note the Defendants originally took the position that "neither Barry K. Skrepnek, Douglas S. Skrepnek, nor CBS has entered into a contract with the Plaintiffs."  Defts' Mot. Dism. at ¶ 11.  However, since the motion before the Court is Defendants' motion to transfer and not on an attempt to enforce judicial estoppel, this may raise an ethical but not a legal issue.

[2] *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988) (while not dispositive, clause is a factor which must be considered).

enforced. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989); *In re Ricoh Corp.*, 870 F.2d 570 (11th Cir. 1989). Plaintiffs fail to meet this burden. Their main argument is that when they asserted rights under the contract they were not aware of the clause and did not agree to it. As noted earlier, this is unavailing. Moreover, as Defendants note, the majority of both the witnesses and physical evidence is located in Texas. This clearly weighs in favor of a transfer to Texas. *Paul v. International Precious Metals Corp.*, 613 F. Supp. 174 (S.D. Miss. 1985); *Virginia Elec. & Power Co. v. Sun Shipbuilding & Dry Dock Co.*, 389 F. Supp. 568 (E.D. Va. 1975).

Moreover, the contract specifies that it shall be interpreted under Texas law. "It is generally recognized that 'a diversity case should be decided by a court which is most conversant with the applicable state law.'" *Midwest Motor Supply Co. v. Kimball*, 761 F. Supp. 1316, 1318-19 (S.D. Ohio 1991) (quoting *Espino v. Top Draw Freight Sys., Inc.*, 713 F. Supp. 1243, 1245 (N.D. Ill. 1989)). "There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case." *Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.*, 725 F. Supp. 317, 321 (S.D. Miss. 1989) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947)).

**Some federal courts have dismissed cases which are brought outside the forum designated in the prorogation clause.** *See* 1 ROBERT C. CASAD, JURISDICTION IN CIVIL ACTIONS § 5.06[1] n. 300 (2d ed.). **In similar situations, however, most federal courts have regularly upheld the forum selection clause and transferred, or remanded, the case to the forum designated by the parties.** *Id.* ns. 293-94. *Milk "N" More, Inc. v. Beavert*, 963 F.2d 1342 (10th Cir. 1992); *International Gateway Commun., Inc. v. Communication Telesystems Int'l, Inc.*, 922 F. Supp. 122 (N.D. Ill. 1996); *Brock v. Entre Computer Ctrs., Inc.*, 740 F. Supp. 428 (E.D. Tex. 1990); *Frontier Airlines, Inc. v. Security Pac. Nat'l Bank*, 696 F. Supp. 1403 (D. Colo. 1988). **In light of the fact the contractual parties designated both a Texas forum and Texas law, transfer appears the more appropriate remedy.**

## TRANSFER ORDER

**For the above stated reasons and pursuant to 28 U.S.C. § 1404(a), this case is transferred to the United States District Court for the Northern District of Texas at Fort Worth.**

**Dated at Albuquerque this 26th day of April, 1999.**

**BRUCE D. BLACK
United States District Judge**

**Counsel for Plaintiffs:**

Howard L. Anderson, Albuquerque, NM

**Counsel for Defendants:**

Clayton E. Crowley, Lamb Metzgar Lines & Dahl, Albuquerque, NM